IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LISA BROWN, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-959-KPJ |
| | § | |
| M AND N EAVES, *et al.*, | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## OPINION AND ORDER

Pending before the Court is Defendant Matthew Lee Eaves's ("Matthew Eaves") Motion

to Strike Testimony of Plaintiff's Expert Roger Allen (the "Motion") (Dkt. 35), wherein Matthew

Eaves seeks to strike the testimony of Plaintiff Lisa Brown's ("Plaintiff") expert witness Roger

Allen ("Mr. Allen"). *See id.* Plaintiff filed a response (Dkt. 39). For the reasons that follow, the

Court finds the Motion (Dkt. 35) is **DENIED**.

### I.     BACKGROUND

On August 31, 2021, Plaintiff filed suit in the 362nd Judicial District Court of Denton

County, Texas, asserting causes of action against Defendant M and N Eaves ("M and N Eaves"),

a trucking company, for negligent entrustment and negligent supervision, retention, and training.

*See* Dkt. 4. Plaintiff also asserts claims for negligence and negligence per se against Matthew

Eaves, and claims for negligent entrustment and negligent supervision, retention, and training

against Defendant Spike Eaves ("Spike Eaves, and together with Matthew Eaves and M and N

Eaves, "Defendants"), the owner of the tractor-trailer Matthew Eaves was operating at the time of

the collision). *See id.* On December 9, 2021, Defendants removed this action based on diversity

jurisdiction pursuant to 28 U.S.C. § 1332(a). *See* Dkt. 2. On August 1, 2022, Plaintiff filed her notice of Rule 26 expert disclosures. *See* Dkt. 25.

On September 13, 2022, Matthew Eaves filed the Motion (Dkt. 35), wherein Matthew Eaves argues the Court should strike Plaintiff's expert Mr. Allen because "Allen is not qualified to offer an opinion on the issues he purportedly holds himself out as an expert on . . . [Mr. Allen's testimony] is not reliable or relevant, nor will it be helpful to a jury in making a determination on Plaintiff's damages." *Id.* at 2. Matthew Eaves contends that "Plaintiff's expert Allen is not qualified because he lacks the adequate training and education in this area to hold himself out as an expert on the [Federal Motor Carrier Safety Regulations] FMCSR" and "[t]o put it bluntly, Allen has no higher degree of knowledge concerning the FM[CS]R[1] than any other commercial motor vehicle driver who is currently driving on the road." *Id.* at 3. Matthew Eaves further argues Mr. Allen's "opinions that the FM[CS]R apply to [Matthew] Eaves in the personal use of his vehicle is nothing more than an unfounded assumption on his part and are not based on any facts or evidence at issue in this case." *Id.* at 5. Matthew Eaves also argues the Court should exclude Mr. Allen's expert testimony because "even if he is qualified and reliable, the facts of this case make any opinion he offers on the subject a moot point" as Matthew Eaves "has consistently maintained throughout the entirety of this case that he was driving his tractor-trailer on a personal errand for himself." *Id.* at 6. Finally, Matthew Eaves argues the following:

> [Matthew Eaves] is not contesting liability in this case. [Matthew Eaves] admits that he was involved in a motor vehicle accident in which he rear-ended the Plaintiff's vehicle. As Defendant is willing to admit to liability in this case, any potential significance of the FM[CS]R is irrelevant and serves no basis in determining the issues at play in this lawsuit. The trial of this case will solely be regarding the Plaintiff's damages. Therefore, Plaintiff's expert testimony should be excluded from this case because it is irrelevant and serves no basis other than to confuse and inflame the jury.

---

[1] In his brief, Matthew Eaves appears to refer to the FMCSR as FMSCR interchangeably. *See generally* Dkt. 39. The proper acronym is FMCSR.

*Id.* at 7. In support of the Motion, Matthew Eaves attaches Mr. Allen's expert testimony report. *See* Dkt. 35-1.

In response, Plaintiff argues Mr. Allen is qualified, his opinions are reliable, and his opinions on the applicable standards of care will be helpful to the jury. *See* Dkt. 39 at 3. Specifically, Plaintiff argues Mr. Allen's forty-five years of experience in the transportation industry as an operator, manager and consultant, meets the requisite qualification standard for expert testimony. *See id.* at 4. Plaintiff contends Mr. Allen has "proffered testimony in numerous state and federal courts around the country as an expert in commercial motor vehicle operations, safety, maintenance, management, brakes, FMCSR, load securement, driver skills and training, and industry standards and compliance issues." *Id.* at 6. Plaintiff further argues Matthew Eaves does not dispute that Mr. Allen's anticipated testimony is the product of reliable principles and methods or that Mr. Allen reliably applied the principles and methods to the fact of this case . . . [i]nstead, [Matthew Eaves] disputes and challenges the foundational facts." *Id.* at 7. Plaintiff also argues "the fact that [Matthew Eaves] continues to dispute application of the FMCSR in this case makes Mr. Allen's testimony all the more relevant and material to assisting the Court and/or the fact-finder in adjudicating the merits of that claim." *Id.* at 12. Finally, Plaintiff argues Defendants have not stipulated to liability, and Matthew Eaves in particular has denied liability in his "Federal Court Answer to Plaintiff's Original Petition and Affirmative Defenses" (the "Matthew Eaves's Answer") (Dkt. 17). *See* Dkt. 39 at 12–14. Plaintiff further points to Matthew Eaves' Motion for Leave to File Memorandum in Support of Motion for Leave to Designate Responsible Third Party (the "Motion for Leave to Designate Third Party") (Dkt. 36) to argue Matthew Eaves has not stipulated to liability. *See* Dkt. 39 at 14; *see* Dkt. 36 at 2 ("The responsible third party is liable to [Matthew Eaves] for all or part of Plaintiff's claims against [Matthew Eaves] for causing the

underlying accident."). In support, Plaintiff attaches Mr. Allen's curriculum vitae ("CV") (Dkt. 39-1), Mr. Allen's "List of Testimony" (Dkt. 39-2), and "First Supplemental Objections and Answers to Plaintiff's First Set of Interrogatories" (Dkt. 39-3).

## II.      LEGAL STANDARD

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." FED. R. EVID. 702.

Federal Rule of Evidence 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the Rule are satisfied regarding a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592–93 (1993). District courts are afforded broad discretion in making Rule 702 determinations. *Kumho Tire*, 526 U.S. at 152 ("[T]he trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable."); *see also St. Martin v. Mobil Expl. & Producing U.S., Inc.*, 224 F.3d 402, 405 (5th Cir. 2000) (citations omitted). The party offering the expert's testimony has the burden to prove: (1) the expert is qualified; (2) the testimony is relevant to an issue in the case; and (3) the testimony is reliable. *Daubert*, 509 U.S. at 590–91; *see also United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010) ("Although the Fifth Circuit and other courts have identified various factors . . . the common nature of these factors direct[s] the trial court to consider as its ultimate inquiry whether the expert testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial."). The *Daubert* factors are

not "a definitive checklist or test." *Daubert*, 509 U.S. at 593. As the Supreme Court has emphasized, the *Daubert* framework is "a flexible one." *Id.* at 594. The test for determining reliability can adapt to the particular circumstances underlying the testimony at issue. *See Kuhmo*, 526 U.S. at 152.

### III.    ANALYSIS

Matthew Eaves argues "Allen has no higher degree of knowledge concerning the FM[CS]R than any other commercial motor vehicle driver who is currently driving on the road." *See* Dkt. 35 at 3. To the contrary, Mr. Allen's CV highlights his extensive experience not only as a commercial driver, but also as a Safety Director, Transportation Consultant, Transportation Manager, General Manager, and Truck Broker, *see* Dkt. 39-1. The Advisory Committee's Notes to Rule 702 contemplate that expert testimony may be based on experience. *See* FED. R. EVID. P. 702 advisory committee's note to 2000 amendments ("Nothing in this amendment is intended to suggest that experience alone . . . may not provide a sufficient foundation for expert testimony. To the contrary, the text of Rule 702 expressly contemplates that an expert may be qualified on the basis of experience. In certain fields, experience is the predominant, if not sole, basis for a great deal of reliable expert testimony."). The Court finds Mr. Allen is qualified to offer expert opinions under Rule 702 with respect to the applicable safety regulations, including the FMCSR. *See Van Winkle v. Rogers*, No. 6:19-cv-1264, 2022 WL 4231013, at *2 (W.D. La. Sept. 13, 2022) (collecting cases) (finding Mr. Allen is qualified as an expert in the commercial trucking industry, including safety regulations and practices).

Matthew Eaves further argues Mr. Allen's "opinions that the FM[CS]R apply to [Matthew] Eaves in the personal use of his vehicle is nothing more than an unfounded assumption on his part," Dkt. 35 at 5, and Mr. Allen's expert testimony is a "moot point . . . [because Matthew Eaves]

has consistently maintained throughout the entirety of this case that he was driving his tractor-trailer on a personal errand for himself," *see id.* at 6. However, Plaintiff argues the "crux of [Matthew Eaves's] argument hinges on his <u>disputed </u>contention that the FMCSR do[es] not apply to him" and "disputes and challenges the foundational facts." Dkt. 39 at 7. The Court finds Matthew Eaves's assertions regarding Mr. Allen's expert testimony as to the FMCSR and the application of the FMCSR to the present case are best explored on cross-examination. *See Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."). Thus, the Court rejects Matthew Eaves's argument as to striking Mr. Allen's testimony regarding the FMCSR.

Finally, Matthew Eaves argues he "is not contesting liability in this case . . . any potential significance of the FM[CS]R is irrelevant and serves no basis in determining the issues at play in this lawsuit. The trial of this case will solely be regarding the Plaintiff's damages." Dkt. 39 at 7. This argument is undermined by Matthew Eaves's Answer (Dkt. 17), wherein Matthew Eaves "generally denies each and every, all and singular, the material allegations contained in the Plaintiff's original Petition," *see id.* at 1, as well as denies Plaintiff's allegations specifically, *see generally id.* It is unclear how this general and specific denial could be construed as a stipulation to liability. Therefore, the Court rejects Matthew Eaves's argument that Mr. Allen's expert testimony regarding the FMCSR is moot.

Because the Court finds Mr. Allen to be qualified under Rule 702 with respect to testimony on the applicable safety regulations and his proposed testimony to be neither unfounded nor moot, the Motion (Dkt. 35) is denied.

## IV.    CONCLUSION

For the foregoing reasons, Defendant Matthew Lee Eaves' Motion to Strike Testimony of

Plaintiff's Expert Roger Allen (Dkt. 35) is **DENIED**.

**So ORDERED and SIGNED this 19th day of December, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE