IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LISA BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-959-KPJ |
| | § | |
| M AND N EAVES, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court are Defendant Matthew Lee Eaves's ("Matthew Eaves") Motion for Leave to File Memorandum in Support of Motion for Leave to Designate Responsible Third Party (the "Motion for Leave to Designate Responsible Third Party") (Dkt. 36) and Matthew Lee Eaves's Memorandum in Support of Motion for Leave to Designate Responsible Third Party (the "Memorandum") (Dkt. 37),[1] to which Plaintiff Lisa Brown ("Plaintiff") filed a response in opposition (the "Response") (Dkt. 40). On December 22, 2022, the Court ordered supplemental briefing. *See* Dkt. 45. Matthew Eaves filed a supplemental brief (the "Eaves Supplemental Brief") (Dkt. 46), and Plaintiff filed a response to the supplemental brief (the "Supplemental Response") (Dkt. 48). For the reasons that follow, the Court finds the Motion for Leave to Designate Responsible Third Party (Dkt. 36) and the Memorandum (Dkt. 37) are **GRANTED**.

---

[1] The Motion for Leave to Designate Responsible Third Party (Dkt. 36) appears to seek leave to file the Memorandum (Dkt. 37). In the Memorandum (Dkt. 37), Matthew Eaves asserts Timothy Andrew Bejar should be designated a responsible third party. Therefore, the Court considers the Motion for Leave to Designate Responsible Third Party (Dkt. 36) and the Memorandum (Dkt. 37) in conjunction as a motion for leave to designate responsible third party.

I.        BACKGROUND

On August 31, 2021, Plaintiff filed suit in the 362nd Judicial District Court of Denton County, Texas, alleging Matthew Eaves was driving a tractor trailer, a commercial motor vehicle, on behalf of Defendants M and N Eaves ("M and N Eaves") and Spike Eaves ("Spike Eaves," and together with Matthew Eaves and M and N Eaves, "Defendants") when a traffic collision occurred between Plaintiff and Matthew Eaves on April 29, 2021. *See* Dkt. 4. Plaintiff is asserting causes of action against M and N Eaves for negligent entrustment and negligent supervision, retention, and training. *See id.* Plaintiff also brings claims for negligence and negligence *per se* against Matthew Eaves, and claims for negligent entrustment and negligent supervision, retention, and training against Spike Eaves, the owner of the tractor-trailer Matthew Eaves was operating at the time of the collision. *See id.* Plaintiff alleges the traffic collision occurred because Plaintiff "stopped due to a vehicle that had spun out in front of her in heavy rain" and "Matthew Lee Eaves did not control the speed of his tractor-trailer and violently struck [Plaintiff] from behind." *Id.* at 5. On December 9, 2021, Matthew Eaves removed this action pursuant to diversity jurisdiction under 28 U.S.C. § 1332(a). *See* Dkt. 2.

On February 16, 2022, U.S. District Court Judge Amos L. Mazzant, III, entered a scheduling order (the "Scheduling Order") (Dkt. 12) and set the following deadlines: deadline to add parties is March 30, 2022; deadline for Plaintiff to file amended pleadings is May 11, 2022; deadline for Defendants to file amended pleadings is May 27, 2022; deadline for the parties' dispositive motions is May 27, 2022; deadline to complete discovery is August 3, 2022; the final pretrial conference is set for January 5, 2023; and the trial is set between February 6, 2023 and March 3, 2023. *See id.* On April 27, 2022, Plaintiff and Matthew Eaves filed a Joint Motion to Extend Certain Deadlines (the "Joint Motion") (Dkt. 15), wherein the Parties, *inter alia*, requested

2

the extension of their discovery deadline to October 27, 2022. *See id.* On May 11, 2022, the Joint Motion was granted, and the discovery deadline was extended to October 27, 2022. *See* Dkt. 16. On August 1, 2022, Plaintiff filed her Notice of Discovery Disclosure (Dkt. 25). Matthew Eaves filed his Notice of Serving Discovery Responses (Dkt. 26) on August 11, 2022, and his Notice of Serving Supplemental Discovery Responses (Dkt. 38) on September 16, 2022. *See* Dkts. 26, 38.

On September 13, 2022, Matthew Eaves filed the Motion for Leave to Designate Responsible Third Party (Dkt. 36) and the Memorandum (Dkt. 37). In the Motion for Leave to Designate Responsible Third Party, Matthew Eaves seeks to designate a responsible third party and argues the responsible third party is liable to Matthew Eaves for all or part of Plaintiff's claims for causing the underlying traffic collision. *See* Dkt. 36 at 2. Matthew Eaves further argues the designation of a responsible third party will not delay or inconvenience the parties because it will not require any modification of the existing Scheduling Order. *See id.* Matthew Eaves contends he "did not file his third-party complaint designating a responsible third party within 14 days after serving his original answer because at the time discovery had not commenced and the identity of the responsible third party was unknown." *Id.* In the Memorandum, Matthew Eaves seeks to designate Timothy Andrew Bejar ("Bejar") as a responsible third party pursuant to "Texas Civil Practice and Remedies Code Section 33.001 (6)"[2] and alleges Bejar was "involved in a single vehicle incident that caused the flow of traffic to stop prior to the incident occurring between Plaintiff and [Matthew] Eaves." Dkt. 37 at 2–3. Matthew Eaves further alleges "that but for the underlying single incident involving Bejar, the Plaintiff would not have been at a complete stop in the lane of travel and the rear-end incident between Plaintiff and [Matthew] Eaves would not have occurred." *Id.* at 3. Attached to the Memorandum are the following: Exhibit A, Crash Report dated

---

[2] Matthew Eaves's citation to Texas Civil Practice and Remedies Code §33.001 (6) appears to have been an error as explained in the Court's December 22, 2022 Order for supplemental briefing. *See* Dkt. 45.

3

April 29, 2021, regarding Matthew Eaves (Dkt. 37-1); and Exhibit B, Crash Report dated April 29, 2021, regarding Timothy Andrew Bejar (Dkt. 37-2).

On September 26, 2022, Plaintiff filed the Response, *see* Dkt. 40, wherein Plaintiff argues:

> The Motion appears to seek leave to file a third-party complaint that designates Timothy Andrew Bejar as a responsible third party . . . Thus [Matthew] Eaves is seeking to modify the Court's scheduling order . . . [Matthew] Eaves has not shown good cause to modify the Court's scheduling order to allow for adding a third-party defendant and filing a third-party complaint. . . . [Matthew] Eaves did not mention potential claims against a then-unknown party . . . Nor did he mention any defenses concerning comparative negligence against anyone other than [Plaintiff] . . . he never once claimed he intended [to] ask the jury to consider the fault of anyone other than [Plaintiff] and the current defendants.

*Id.* at 3–4. Plaintiff asserts she will have a very limited amount of time to conduct discovery concerning Bejar's involvement and Matthew Eaves's newly asserted defenses, as the discovery deadline was October 27, 2022. *See id.* at 5.

On November 30, 2022, the parties consented to proceed before the undersigned. *See* Dkt. 42. On December 22, 2022, the Court found that due to Plaintiff's apparent confusion whether Matthew Eaves sought to file a motion for leave to designate responsible third party or third-party complaint, Plaintiff failed to address the merits of the Motion for Leave to Designate Responsible Third Party (Dkt. 36). *See* Dkt. 45 at 3. The Court ordered Matthew Eaves file supplemental briefing as to the designation of Bejar as a responsible third party, Plaintiff file a response, and the parties appear for a hearing on the Motion for Leave to Designate Responsible Third Party (Dkt. 36). *See* Dkt. 45 at 3–4.

On January 5, 2023, Matthew Eaves filed the Eaves Supplemental Brief (Dkt. 46), wherein Matthew Eaves argues that Bejar is a "Responsible Third Party within the meaning of the Texas Civil Practice and Remedies Code Section 33.001[(6)] because he caused or contributed to the harm for which recovery of damages is sought, specifically he was the sole cause of the underlying single motor vehicle incident in which he spun out and struck the concrete barrier which caused

traffic to come to a complete stop in the lane of travel." *Id.* at 4. Matthew Eaves further argues "[h]ad Bejar not been involved in the first incident, Plaintiff would not have been stopped in the lane of travel and the rear-end collision that makes the basis of this lawsuit would not have occurred." *Id.* On January 13, 2023, Plaintiff filed the Supplemental Response (Dkt. 48), wherein Plaintiff asserts the following:

> Considering the clarifications made by [Matthew] Eaves concerning his intent to designate Timothy Andrew Bejar as a responsible third party and the limited procedural ability for Brown to prevent Eaves from designating a responsible third-party, [Plaintiff] believes any objections to [Matthew] Eaves'[s] motion to designate a responsible third party may be futile. The statute of limitations for claims against [Bejar] has not passed and trial is not currently set. Likewise, based on the facts pleaded in [Matthew] Eaves'[s] motion, [Plaintiff] does not believe an objection pursuant to Section 33.004(g) of the Texas Civil Practice & Remedies Code will be successful. That is not to say that [Plaintiff] acquiesces to Eaves'[s] empty chair defense tactic. In a separate pleading, [Plaintiff] is filing a motion to amend her complaint to join Timothy Andrew Bejar as a defendant in order to allow [Plaintiff] to seek complete relief from all entities and people that a jury believes are responsible for the crash and injuries that form the basis of this lawsuit.

*Id.* at 1. Also on January 13, 2023, Plaintiff filed the Motion for Leave to Amend Complaint and Join Parties (the "Motion for Leave to Amend") (Dkt. 49), wherein Plaintiff seeks to amend the complaint and add Bejar as a defendant. *See generally id.*

On January 19, 2023, Plaintiff and Matthew Eaves appeared before the Court for a hearing (the "Hearing") (Dkt. 50) regarding the Motion for Leave to Designate Responsible Third Party (Dkt. 36). *See* Dkt. 50. During the Hearing, Plaintiff argued that Tex. Civ. Prac. & Rem. Code Ann. Section 33.011(6) is a procedural rule rather than substantive rule, and therefore should not apply in federal court with diversity jurisdiction. *See id.* The parties also represented to the Court that they have scheduled depositions of the parties in February 2023. *See id.* On January 20, 2023, the Court extended the discovery deadline to March 1, 2023, and stayed the trial setting pending the Court's decision on the Motion for Leave to Amend (Dkt. 49). *See* Dkt. 51.

5

## II. LEGAL STANDARD

Under § 33.004(a) of the Texas Civil Practice and Remedies Code, "a defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate . . . on or before the 60th days before trial date unless the court finds good cause to allow the motion to be filed at a later date." Tex. Civ. Prac. & Rem. Code Ann. § 33.004(a). The Texas Civil Practice and Remedies Code defines a responsible party as "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission . . . by other conduct or activity that violates an applicable legal standard, or by any combination of these." *Ellis v. United States*, 673 F.3d 367, 372 n.3 (5th Cir. 2012) (quoting Tex. Civ. Prac. & Rem. Code Ann. § 33.011(6)). Responsible third parties are not formally joined under § 33.004, but rather are "only designated as being responsible without being made parties to the suit." *Withers v. Schneider Nat'l Carriers, Inc.*, 13 F. Supp. 3d 686, 688 (E.D. Tex. 2014) (citing *Muniz v. Stanley*, No. L-06-cv-126, 2007 WL 1100466, at *2 (S.D. Tex. Apr. 11, 2007); *Werner v. KPMG*, 415 F. Supp. 2d 688, 692 (S.D. Tex. 2006)). "Thus, § 33.004 exists to allow proper allocation of fault among both the named defendants and those persons designated as responsible third parties, rather than to govern the procedures by which third-parties may be brought into the case as Rule 14 does." *Id.*

The "standard for designating responsible third parties is permissive." *Levario v. Dorel Juvenile Grp., Inc.*, No. 7:15-cv-125, 2015 WL 8363036, at *1 (W.D. Tex. Dec. 7, 2015). "In 2003, the Texas Legislature significantly liberalized who could be designated as a responsible third party, and now 'allows a defendant liberally to designate responsible third parties, including parties not subject to the court's jurisdiction, immune from suit or who are unknown.'" *Nationwide Lloyds Ins. Co. v. Norcold, Inc.*, Nos. A-09-ca-113, A–09–ca–114, 2009 WL 3381523, at *2 (W.D. Tex.

Oct. 19, 2009) (quoting *Fisher v. Halliburton*, 2009 WL 1098457, at *1 (S.D. Tex. Apr. 23, 2009)). Under Section 33.004(f), courts should grant leave to designate a responsible third party unless another party files an objection "on or before the 15th day after the date the motion is served." Tex. Civ. Prac. & Rem. Code Ann. § 33.004(f). "This section provides for the liberal designation of responsible third parties and a court may deny a motion to designate *only if* the objecting party establishes that 'the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure.'" *Nationwide Lloyds Ins.*, 2009 WL 3381523, at *2 (quoting Tex. Civ. Prac. & Rem. Code Ann. § 33.004). When granting a motion for leave to designate a responsible third party for purposes of Chapter 33, no further action by the court or any party is necessary. *See Dore v. Med. Suppliers of the Ams.*, 2011 WL 13196446, at *1 (E.D. Tex. Feb. 18, 2011) (citing Tex. Civ. Prac. & Rem. Code § 33.004(h)). Further, the granting of such a motion "does not by itself impose liability" and "may not be used in any other proceeding, on the basis of res judicata, collateral estoppel, or any other legal theory, to impose liability." Tex. Civ. Prac. & Rem. Code § 33.004(i).

The Texas Legislature amended Section 33.004 in 2011 to provide a procedural safeguard to plaintiffs by "tak[ing] away the defendant's ability to designate a time-barred third party when he has failed to timely disclose such party." *Withers*, 13 F. Supp. 3d at 689. Thus, "the 'timely disclosure' requirement seeks to guarantee that the defendant essentially cannot undercut the plaintiff's case by belatedly pointing its finger at a time-barred responsible third-party against whom the plaintiff has no possibility of recovery." *Id.*; *see also Whitfield v. Spitzer*, No. 2:21-cv-1, 2021 WL 1407978, at *3 (S.D. Tex. Mar. 25, 2021) (denying the designation of a responsible third party because "[the defendant] improperly filed her first motion to designate just three days before the expiration of the deadline and did not properly file her motion until [thirteen] days after

the statute of limitations had expired, leaving [the p]laintiff unable to join [the responsible third party] as a party to seek recovery.").

Additionally, "Chapter 33 does not allow submission to the jury of a question regarding conduct of a responsible third party unless sufficient evidence supports the submission." *McDevitt v. Wal-Mart Stores Tex., LLC*, No. SA-11CA-838, 2012 WL 13145552, at *4 (W.D. Tex. June 12, 2012) (Tex. Civ. Prac. & Rem. Code § 33.004(l)); *see also Estate of Pruitt v. Asphalt Zipper, Inc.*, No. 21-50717, 2022 WL 2826450, at *3 (5th Cir. 2022) (per curiam) ("In general, and as relevant here, the trier of fact must submit a properly designated [responsible third party] to the jury unless there is insufficient evidence supporting the designated party's responsibility in causing or contributing to cause the injuries alleged." (citing Tex. Civ. Prac. & Rem. Code Ann. §§ 33.002(a), 33.003(a)(1)–(4))); *Centralian Controls Pty., Ltd. v. Maverick Int'l, Ltd.*, No. 1:16-cv-37, 2016 WL 11066309, at *3 (E.D. Tex. Dec. 13, 2016) (citing *Fisher*, 2009 WL 1098457, at *1; *PEMEX Exploracion y Produccion v. Murphy Energy Corp.*, 923 F. Supp. 2d 961, 981 (S.D. Tex. 2013)). Thus, a plaintiff may still move to strike the designation on the basis that there is no evidence that the designated person is responsible for any portion of Plaintiff's alleged injury or damages. *See McDevitt*, 2012 WL 13145552, at *4 (citing Tex. Civ. Prac. & Rem. Code § 33.004). The court "must then grant the motion to strike unless the defendant produces sufficient evidence to raise a genuine issue of facts regarding the designated person's responsibility . . . ." *Id.*; *see also PEMEX Exploracion y Produccion*, 923 F. Supp. 2d at 981.


### III.  ANALYSIS

**A. Timeliness**

The Court first turns to whether Matthew Eaves has timely filed the Motion (Dkt. 36). In determining timeliness of a motion for leave to designate responsible third party, courts in the Eastern District of Texas have uniformly considered Section 33.004's requirements to be applicable as substantive law; therefore, a motion for leave to designate responsible third party is timely if filed sixty days before trial and before the statute of limitations of the plaintiff's cause of action has expired. *See Withers* 13 F. Supp. at 688  (collecting cases); *Dennis v. ARLANXEO USA LLC*, No. 1:19-cv-309, 2021 WL 9315306, at *3 (E.D. Tex. Aug. 13, 2021); *Robison v. CNA Ins. Co.*, No. 1:17-cv-508, 2018 WL 11422438, at *2 (E.D. Tex. May 17, 2018); *Smith v. E.I. du Pont de Nemours and Co.*, No. 1:08-cv-385, 2010 WL 11530295, at *1–2 (E.D. Tex. Mar. 31, 2010); *Wright v. Bronco Drilling, Co.*, No. 9:07-cv-136, 2008 WL 11443097, at *2 (E.D. Tex. May 23, 2008).

The Court is aware that a minority of federal courts have found the state-law deadline to be "a procedural requirement that does not govern the timeliness of such a motion in federal court" and, instead the "motion is governed by the scheduling order mandated by Federal Rule of Civil Procedure 16(b)."[3] *Crompton Greaves, Ltd. v. Shippers Stevedoring Co.*, Civ. A. No. H-08-1774, 2011 WL 5920930, at *2 (S.D. Tex. Nov. 28, 2011) (footnote omitted); *see also Coachmen Indus., Inc. v. Alt. Serv. Concepts L.L.C.,* No. H-06-0892, 2008 WL 2787310, at *1 n.5 (S.D. Tex. July 15, 2008) ("[A]s the Court deems the sixty-day requirement procedural and hence, not binding on this Court) (citations omitted). However, the vast majority of federal courts in Texas have found

---

[3] To the extent Plaintiff asserted at the Hearing (Dkt. 50) that Section 33.004's pleading requirements are procedural and not substantive, the Court is unaware of any decision in support. Both *Crompton Greaves* and *Coachmen Industries* focused their analysis on whether the Federal Rules of Civil Procedure were applicable to the deadline to designate a responsible third party and did not suggest that the pleading requirements were procedural.

that Tex. Section 33.004 applies substantively in a diversity case. *See Golden Spread Elec. Coop., Inc. v. GE Grid Sols.*, No. 5:18-cv-167, 2020 WL 13429869, at *2 (N.D. Tex. Mar. 31, 2020) (collecting cases); *Vecron Exim Ltd. v. XPO Logistics, Inc.*, Civ. A. No. H-18-2394, 2019 WL 2025206, at *4 (S.D. Tex. May 8, 2019) ("District Courts in the Fifth Circuit have found that Texas's proportionate responsibility statute, Tex. Civ. Prac. & Rem. Code § 33.004, is not in conflict with the Federal Rules of Civil Procedure and can therefore apply substantively in a diversity case."); *Martinez v. Davis*, No. EP-16-cv-156, 2016 WL 11586186, at *4 (W.D. Tex. Nov. 4, 2016) ("Further, under *Erie*, the Court finds that failing to apply the sixty day deadline under § 33.004 would violate the 'twin aims' of *Erie* which are the 'discouragement of forum-shopping and avoidance of inequitable administration of laws.'" (quoting *Walker v. Armco Steel Corp.*, 446 U.S. 740, 747 (1980))); *Muniz v. T.K. Stanley, Inc.*, No. L-06-cv-126, 2007 WL 1100466, at *3 (S.D. Tex. Apr. 11, 2007) (collecting cases) (holding Section 33.004 applies as substantive law in a diversity case in federal court); *Argent Holdings, LLC v. E. El Paso Med. Ctr., LLC*, No. EP-17-cv-199, 2018 WL 1915085, at *4 (W.D. Tex. Apr. 23, 2018); *Allen v. Ford Motor Co.*, No. 9:09-cv-100, 2010 WL 11530463, at *3–4 (E.D. Tex. Jan. 26, 2010).

As the Eastern District of Texas has applied Section 33.004's disclosure and timeliness requirements as substantive law and the motion was clearly filed more than sixty days before trial, the Court considers whether Plaintiff's possible claims against Bejar have been extinguished under the statute of limitations. *See Dennis*, 2021 WL 9315306, at *3. The Texas statute of limitations for negligence actions is two years. Tex. Civ. Prac. & Rem. Code § 16.003; *see also Golden Spread Elec. Coop., Inc.*, 2020 WL 13429869, at *2. In the present case, the traffic collision occurred on April 29, 2021, Plaintiff's possible claims against Bejar for negligence are not yet extinguished, and Plaintiff has made reference to Bejar's traffic collision (though his identity was unknown). *See*

*Curlee v. United Parcel Serv. Inc.*, No. 3:13-cv-344, 2014 WL 11516541, at *2 (N.D. Tex. Dec. 12, 2014) ("Defendants' [§ 33.004(d)] disclosure is not untimely" where "Plaintiffs' own complaint shows that they had notice of [potential third] parties."). Therefore, the Court finds the Motion for Leave to Designate Responsible Third Party (Dkt. 36) is timely for purposes of Section 33.004.

### B. Sufficiency of Alleged Facts

The Court next considers whether Plaintiff has met her burden in establishing "that 'the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure.'" *Nationwide Lloyds Ins.*, 2009 WL 3381523, at *2 (quoting Tex. Civ. Prac. & Rem. Code Ann. § 33.004). Under Texas Rule of Civil Procedure 47(a), a pleading is sufficient if it gives notice of the cause of action and facts being alleged so that the opposing party may adequately prepare a defense. *See Harris Constr. Co. v. GGP-Bridgeland, LP*, No. H–07–3468, 2009 WL 2486030 at *2 (S.D. Tex. Aug. 10, 2009) (citation omitted). "[I]n evaluating the sufficiency of the facts for the purposes of § 33.004, the Court is not permitted to engage in an analysis of the truth of the allegations or consider evidence on the party's ultimate liability." *Nationwide Lloyds Ins.*, 2009 WL 3381523, at *2 (citing *In re Unitec Elevator Servs. Co.*, 178 S.W.3d 53, 58 n.5 (Tex.App.-Houston [1st Dist] 2005, no pet.)). "Accordingly, defendants only need to plead facts capable of showing how the third-parties they seek to designate as responsible third-parties cause or contributed to [the] alleged injury, not to their own conduct." *PEMEX Exploracion y Produccion*, 923 F. Supp. 2d at 983.

At this stage, the Court cannot consider evidence regarding Matthew Eaves's ultimate liability and, thus, is limited to consider whether a claim could be raised under Texas's liberal pleading standards. Matthew Eaves has pled sufficient facts to designate Bejar as a responsible

11

third party for purposes of Section 33.004. Courts have found pleadings similar to the present case to be sufficient at this stage. *See Martinez*, 2016 WL 11586186, at *8 (granting leave to designate a sheriff's office as a responsible third party for tractor-trailer accident because *inter alia* the sheriff's office had improperly blocked one of the lanes of traffic); *see also Hinkel v. United States*, No. SA-17-CA-245, 2017 WL 11219348, at *2 (W.D. Tex. July 18, 2017) (granting motion for leave to designate responsible third party as there were sufficient facts that an unknown driver caused the driver employed by the defendant to make an emergency maneuver that led to the accident with the plaintiff); *Levario*, 2015 WL 8363036, at *2 (finding owner of passenger truck could be designated as a responsible third party although she was not driving the vehicle or present at the accident); David W. Holman, *Responsible Third Parties*, 46 S. TEX. L. REV. 869, 888 (2005) ("[A]lthough [Section 33.004] requires that the defendant plead sufficient facts to satisfy the pleading requirements of the Texas Rules of Civil Procedure, that is not a high threshold, in most cases, because Texas requires only 'notice pleading.'"). Furthermore, Plaintiff has recognized the futility of making such an objection. *See* Dkt. 49 at 1 ("Likewise, based on the facts pleaded in [Matthew] Eaves'[s] motion, [Plaintiff] does not believe an objection pursuant to Section 33.004(g) of the Texas Civil Practice & Remedies Code will be successful."). Therefore, the Court finds Matthew Eaves has sufficiently pleaded facts to designate Bejar as a responsible third party.

## IV.   CONCLUSION

For the foregoing reasons, the Motion for Leave to Designate Responsible Third Party (Dkt. 36) and Memorandum (Dkt. 37) are **GRANTED** to the extent Matthew Eaves seeks to designate Timothy Andrew Bejar as a Responsible Third Party.

**IT IS ORDERED** that Timothy Andrew Bejar is **HEREBY DESIGNATED** as a Responsible Third Party.

**So ORDERED and SIGNED this 23rd day of January, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE