**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **LISA BROWN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:21-cv-959-KPJ** |
| | § | |
| **M AND N EAVES,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## OPINION AND ORDER

Pending before the Court is Plaintiff Lisa Brown's ("Plaintiff") Motion for Leave to Amend Complaint and Join Parties (the "Motion for Leave to Amend") (Dkt. 49). Defendant Matthew Lee Eaves ("Matthe Eaves") filed a response in opposition (Dkt. 53), and Plaintiff filed a reply (Dkt. 54). For the reasons that follow, the Court finds the Motion for Leave to Amend (Dkt. 49) is **GRANTED**.

## I.       BACKGROUND

On August 31, 2021, Plaintiff filed suit in the 362nd Judicial District Court of Denton County, Texas, alleging Matthew Eaves was driving a tractor trailer, a commercial motor vehicle, on behalf of Defendants M and N Eaves ("M and N Eaves") and Spike Eaves ("Spike Eaves," and together with Matthew Eaves and M and N Eaves, "Defendants") when a traffic collision occurred between Plaintiff and Matthew Eaves on April 29, 2021. *See* Dkt. 4. Plaintiff is asserting causes of action against M and N Eaves for negligent entrustment and negligent supervision, retention, and training. *See id.* Plaintiff also brings claims for negligence and negligence *per se* against Matthew Eaves, and claims for negligent entrustment and negligent supervision, retention, and training against Spike Eaves, the owner of the tractor-trailer Matthew Eaves was operating at the

time of the collision. *See id.* Plaintiff alleges the traffic collision occurred as Plaintiff "stopped due to a vehicle that had spun out in front of her in heavy rain" and "Matthew Lee Eaves did not control the speed of his tractor-trailer and violently struck [Plaintiff] from behind." *Id.* at 5. On December 9, 2021, Matthew Eaves removed this action pursuant to diversity jurisdiction under 28 U.S.C. § 1332(a). *See* Dkt. 2.

On February 16, 2022, U.S. District Court Judge Amos L. Mazzant, III, entered a scheduling order (the "Scheduling Order") (Dkt. 12) and set the following deadlines: deadline to add parties is March 30, 2022; deadline for Plaintiff to file amended pleadings is May 11, 2022; deadline for Defendants to file amended pleadings is May 27, 2022; deadline for the parties' dispositive motions is May 27, 2022; deadline to complete discovery is August 3, 2022; the final pretrial conference is set for January 5, 2023; and the trial is set between February 6, 2023 and March 3, 2023. *See id.* On April 27, 2022, Plaintiff and Matthew Eaves filed a Joint Motion to Extend Certain Deadlines (the "Joint Motion") (Dkt. 15), wherein the Parties, *inter alia*, requested the extension of their discovery deadline to October 27, 2022. *See id.* On May 11, 2022, the Joint Motion (Dkt. 15) was granted, and the discovery deadline was extended to October 27, 2022. *See* Dkt. 16. On August 1, 2022, Plaintiff filed her Notice of Discovery Disclosure (Dkt. 25). Matthew Eaves filed his Notice of Serving Discovery Responses (Dkt. 26) on August 11, 2022, and his Notice of Serving Supplemental Discovery Responses (Dkt. 38) on September 16, 2022. *See* Dkts. 26, 38.

On September 13, 2022, Matthew Eaves filed a Motion for Leave to File Memorandum in Support of Motion for Leave to Designate Responsible Third Party (the "Motion for Leave to Designate Responsible Third Party") (Dkt. 36) and Matthew Lee Eaves's Memorandum in Support of Motion for Leave to Designate Responsible Third Party (the "Memorandum") (Dkt. 37). In the

Motion for Leave to Designate Responsible Third Party, Matthew Eaves sought to designate a responsible third party and argued the responsible third party is liable to Matthew Eaves for all or part of Plaintiff's claims for causing the underlying traffic collision. *See* Dkt. 36 at 2. Matthew Eaves further argued the designation of a responsible third party will not delay or inconvenience the parties because it will not require any modification of the existing Scheduling Order. *See id.* Matthew Eaves contended he "did not file his third-party complaint designating a responsible third party within 14 days after serving his original answer because at the time discovery had not commenced and the identity of the responsible third party was unknown." *Id.* In the Memorandum, Matthew Eaves explained that he sought to designate Timothy Andrew Bejar ("Bejar") as a responsible third party pursuant to "Texas Civil Practice and Remedies Code Section 33.001 (6)"[1] and alleged Bejar was "involved in a single vehicle incident that caused the flow of traffic to stop prior to the incident occurring between Plaintiff and [Matthew] Eaves." Dkt. 37 at 2–3. Matthew Eaves further asserted "that but for the underlying single incident involving Bejar, the Plaintiff would not have been at a complete stop in the lane of travel and the rear-end incident between Plaintiff and [Matthew] Eaves would not have occurred." *Id.* at 3.

On September 26, 2022, Plaintiff filed the Response (Dkt. 40), wherein Plaintiff argued:

> The Motion appears to seek leave to file a third-party complaint that designates Timothy Andrew Bejar as a responsible third party . . . Thus [Matthew] Eaves is seeking to modify the Court's scheduling order . . . [Matthew] Eaves has not shown good cause to modify the Court's scheduling order to allow for adding a third-party defendant and filing a third-party complaint. . . . [Matthew] Eaves did not mention potential claims against a then-unknown party . . . Nor did he mention any defenses concerning comparative negligence against anyone other than [Plaintiff] . . . he never once claimed he intended [to] ask the jury to consider the fault of anyone other than [Plaintiff] and the current defendants.

---

[1] Matthew Eaves's citation to Texas Civil Practice and Remedies Code §33.001 (6) appeared to have been an error, as explained in the Court's December 22, 2022 Order for supplemental briefing. *See* Dkt. 45.

*Id.* at 3–4. Plaintiff further asserted she would have a very limited amount of time to conduct discovery concerning Bejar's involvement and Matthew Eaves's newly asserted defenses, as the discovery deadline was October 27, 2022. *See id.* at 5.

On November 30, 2022, the parties consented to proceed before the undersigned. *See* Dkt. 42. On December 22, 2022, the Court found that due to Plaintiff's apparent confusion whether Matthew Eaves sought to file a motion for leave to designate responsible third party or third-party complaint, Plaintiff failed to address the merits of the Motion for Leave to Designate Responsible Third Party (Dkt. 36). *See* Dkt. 45 at 3. The Court ordered Matthew Eaves file supplemental briefing as to the designation of Bejar as a responsible third party, Plaintiff file a response, and the parties appear for a hearing on the Motion for Leave to Designate Responsible Third Party (Dkt. 36). *See* Dkt. 45 at 3–4. On January 5, 2023, Matthew Eaves filed the Matthew Lee Eaves's Supplemental Brief (Dkt. 46), wherein he argued that Bejar is a "Responsible Third Party within the meaning of the Texas Civil Practice and Remedies Code Section 33.001[(6)] because he caused or contributed to the harm for which recovery of damages is sought, specifically he was the sole cause of the underlying single motor vehicle incident in which he spun out and struck the concrete barrier which caused traffic to come to a complete stop in the lane of travel." *Id.* at 4. Matthew Eaves further argued "[h]ad Bejar not been involved in the first incident, Plaintiff would not have been stopped in the lane of travel and the rear-end collision that makes the basis of this lawsuit would not have occurred." *Id.* On January 13, 2023, Plaintiff filed the Supplemental Response (Dkt. 48), wherein Plaintiff asserted the following:

> Considering the clarifications made by [Matthew] Eaves concerning his intent to designate Timothy Andrew Bejar as a responsible third party and the limited procedural ability for Brown to prevent Eaves from designating a responsible third-party, [Plaintiff] believes any objections to [Matthew] Eaves'[s] motion to designate a responsible third party may be futile. The statute of limitations for claims against [Bejar] has not passed and trial is not currently set. Likewise, based

on the facts pleaded in [Matthew] Eaves'[s] motion, [Plaintiff] does not believe an objection pursuant to Section 33.004(g) of the Texas Civil Practice & Remedies Code will be successful. That is not to say that [Plaintiff] acquiesces to Eaves'[s] empty chair defense tactic. In a separate pleading, [Plaintiff] is filing a motion to amend her complaint to join Timothy Andrew Bejar as a defendant in order to allow [Plaintiff] to seek complete relief from all entities and people that a jury believes are responsible for the crash and injuries that form the basis of this lawsuit.

*Id.* at 1.[2] On January 23, 2023, the Court granted the Motion for Leave to Designate Responsible Third Party (Dkt. 36) and Memorandum (Dkt. 37), and Bejar was designated as a responsible third party.[3]

On January 13, 2023, Plaintiff filed the Motion for Leave to Amend (Dkt. 49). *See id.* Plaintiff argues the four *Hensgens* factors weigh in favor of granting Plaintiff leave to amend and join Bejar as a defendant, although this will destroy complete diversity. *See id.* at 3–4 (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)). Plaintiff asserts the first factor weighs in her favor because "[t]he purpose of joining Bejar is to achieve full justice and avoid an empty chair defense, not to destroy federal diversity jurisdiction." *Id.* at 4. Plaintiff further argues the second factor weighs in her favor, as she has not been dilatory and has sought leave to amend upon Matthew Eaves's clarifying his position that he intended to designate Bejar as a responsible third party. *See id.* at 6. Plaintiff argues the third factor also weighs in her favor because "denial of leave to amend will certainly result in financial prejudice to [Plaintiff], a waste of judicial

---

[2] On January 19, 2023, Plaintiff and Matthew Eaves appeared before the Court for a hearing (the "Hearing") (Dkt. 50) regarding the Motion for Leave to Designate Responsible Third Party (Dkt. 36). *See* Dkt. 50. During the Hearing, Plaintiff argued that Tex. Civ. Prac. & Rem. Code Ann. Section 33.011(6) is a procedural rule rather than substantive rule, and therefore should not apply in federal court with diversity jurisdiction. *See id.* The parties also represented to the Court that they have scheduled depositions in February 2023. *See id.* On January 20, 2023, the Court extended the discovery deadline to March 1, 2023, and stayed the trial setting pending the Court's decision on the Motion for Leave to Amend (Dkt. 49). *See* Dkt. 51.

[3] The Motion for Leave to Designate Responsible Third Party (Dkt. 36) appeared to seek leave to file the Memorandum (Dkt. 37). In the Memorandum (Dkt. 37), Matthew Eaves asserted Timothy Andrew Bejar should be designated a responsible third party. Therefore, the Court considered the Motion for Leave to Designate Responsible Third Party (Dkt. 36) and the Memorandum (Dkt. 37) in conjunction as a motion for leave to designate responsible third party.

resources, and potentially duplicative or inconsistent results." *Id.* at 7. Finally, Plaintiff argues the fourth factor weighs in her favor because Matthew Eaves's "designation of a responsible third party without [Plaintiff] having an opportunity to join Bejar will both give [Matthew] Eaves a substantial advantage and [Plaintiff] a significant disadvantage at trial." *Id.* at 8.

In response, Matthew Eaves argues the *Hensgens* factors weigh against granting leave to amend. *See* Dkt. 53 at 3–6. Matthew Eaves argues the first factor weighs against granting leave because Plaintiff should have known the identity of Bejar and is now seeking to add Bejar "for no other reason but to defeat federal jurisdiction." *Id.* at 3. Matthew Eaves further argues Plaintiff has been dilatory in asking for amendment, as Plaintiff was considering filing a motion for leave to amend "as early as September of 2022" and has used the Court's order for supplemental briefing "as an excuse for the delay in her Motion for Leave to Amend when it has absolutely nothing to do with the issue at hand." *Id.* at 6. Matthew Eaves argues the third and fourth factors weigh against Plaintiff because she will not be prejudiced by pursuing a parallel state court litigation against Bejar and remand would require Matthew Eaves "endu[r]e another two years of litigation time and expense." *Id.*

In support, Matthew Eaves includes the following attachments: an email from Plaintiff's counsel, Etan Tepperman ("Mr. Tepperman"), to Matthew Eaves's counsel, Jarad Kent ("Mr. Kent"), dated June 3, 2022, regarding body camera footage of police officers responding to the accident, *see* Dkt. 53-1; an email from Mr. Kent to Mr. Tepperman, dated September 26, 2022, stating in relevant part, "I am still looking over the case law, but I think I am going to have to oppose your Motion for Leave to Amend Plaintiff's Complaint . . .", Dkt. 53-2 at 1; and an email from Mr. Tepperman to Matthew Eaves's counsel dated September 12, 2022, stating in relevant

6

part, "[W]e are opposed to your motion to exclude our experts and a motion to designate a responsible third party", Dkt. 53-3 at 1.

In her reply, Plaintiff argues Matthew Eaves has not pleaded comparative negligence against an unknown third-party and has made "multiple inconsistent attempts to deflect liability." Dkt. 54 at 2. Plaintiff further argues Matthew Eaves has "used a procedural tool late in the litigation process that will certainly prejudice [Plaintiff]" and Plaintiff has not been "in a race to divest the Court of jurisdiction." *Id.* at 2–3. Finally, Plaintiff asserts not granting leave to amend will require Plaintiff "fight two empty chair lawsuits in different jurisdictions with different rules and a potential for duplicative or inconsistent results." *Id.* at 4.

## II.    LEGAL STANDARD

Under 28 U.S.C. § 1332, a defendant may remove a case if there is (1) complete diversity of citizenship and (2) the amount in controversy is greater than $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). In the Fifth Circuit, a party cannot join a nondiverse party in an amended pleading without first obtaining leave of court. *See Cantrell v. Gaddie*, No. 1:19-cv-288, 2020 WL 13532895, at *2 (E.D. Tex. May 11, 2020) (citations omitted). "Where the nondiverse parties were joined *after* the case was removed, not before, the standard is not whether the new parties were fraudulently joined, but whether the Court, when 'confronted with an amendment to add a nondiverse nonindispensable party, should use its discretion in deciding whether to allow that party' to be joined." *Garcia v. Kroger Tex. L.P.*, No. 4:17-cv-03667, 2018 WL 2948027, at *2 (S.D. Tex. June 13, 2018) (quoting *Hensgens*, 833 F.2d at 1182).

The Fifth Circuit has explained that courts "should 'scrutinize that amendment more closely than an ordinary amendment' and 'consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits.'" *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 768–69 (5th Cir. 2016) (quoting *Hensgens*, 833 F.3d at 1182). The four *Hensgens* factors are as follows: (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction"; (2) "whether [the] plaintiff has been dilatory in asking for amendment"; (3) "whether [the] plaintiff will be significantly injured if amendment is not allowed"; and (4) "any other factors bearing on the equities." *Hensgens*, 833 F.2d at 1182; *see also Wilson v. Bruks-Klockner, Inc.*, 602 F.3d 363, 368 (5th Cir. 2010) (holding that "[w]hen a plaintiff seeks to add a non-diverse defendant whose joinder would defeat diversity jurisdiction, the district court must consider the *Hensgens* factors"). "The balance does not depend on 'a rigid distinction of whether the proposed added party is an indispensable or permissive party.'" *Gallegos v. Safeco Ins. Co. of Ind.*, No. CIV. A. H-09-2777, 2009 WL 4730570, at *2 (S.D. Tex. Dec. 7, 2009) (quoting *Hensgens*, 833 F.2d at 1182).

### III.     ANALYSIS

#### A.  Whether the Primary Purpose of the Amendment is to Defeat Diversity Jurisdiction

When considering whether a plaintiff is seeking to defeat diversity jurisdiction, federal courts look to whether the "plaintiff knew or should have known the identity of the nondiverse defendant at the time of the lawsuit's original filing in state court . . . ." *Cinco Bayous, LLC v. Samson Expl., LLC*, No. 1:19-CV-452, 2020 WL 4922329, at *3 (E.D. Tex. Aug. 20, 2020) (collecting cases). Courts further analyze whether the plaintiff states a valid claim against the proposed nondiverse defendant. *See id.* (collecting cases); *see also Gallegos*, 2009 WL 4730570, at *4 ("Other courts have considered whether the plaintiff states a valid claim against the defendant

8

as evidence that the principal purpose the amendment is not to defeat diversity." (citing *Karr v. Brice Bldg. Co.*, No. CIV. A. 08-1984, 2009 WL 1458043, at *4 (E.D. La. May 22, 2009); *Schindler v. Charles Schwab & Co.*, No. Civ. A. 05–0082, 2005 WL 1155862, at *3 (E.D. La. May 12, 2005))).

Plaintiff argues "[a]t the time this lawsuit was filed, neither party knew Bejar's identity. As [Matthew] Eaves concedes in his Motion for Leave to File Memorandum in Support of Motion for Leave to Designate Responsible Third Party [Dkt. 32] and his supplemental brief [Dkt. 46], Bejar's identity was unknown until later in the litigation process." Dkt. 49 at 5. Plaintiff further asserts Bejar's identity was redacted from the body camera footage and Denton Police Department "documented the two incidents as separate, thus two different crash reports were made – one for the crash between [Matthew] Eaves and [Plaintiff] and one for Bejar losing control of his vehicle." *Id.* In response, Matthew Eaves asserts he "is willing to concede that it is likely that Plaintiff did not know the identity of Bejar until [Matthew Eaves] did the investigative work to uncover his identity. However, that does not negate that Plaintiff should have known the identity of Bejar and [Plaintiff] also had every opportunity to uncover his identity, just like [Matthew Eaves] did." Dkt. 53 at 3–4. In her reply, Plaintiff argues "[i]f seeking to add a party that [Matthew] Eaves himself believes is responsible for the crash is for 'no other reason but to defeat federal diversity jurisdiction,' then designating Bejar as a responsible third-party is for no other reason but to confuse the jury and waste more Court and party resources." Dkt. 54 at 2.

Matthew Eaves does not argue, nor could he argue, that Plaintiff does not have a viable claim against Bejar, as Matthew Eaves moved to designate Bejar as a responsible third party on the basis Bejar is partially liable for the crash involving Plaintiff and Matthew Eaves. *See generally* Dkts. 36, 37. Furthermore, Matthew Eaves concedes Plaintiff did not know of Bejar's identity at

the initiation of the lawsuit. *See* Dkt. 53 at 3. Ultimately, Matthew Eaves is asserting Plaintiff's alleged lack of investigation into redacted body camera footage and the two crash reports for the accident is evidence of Plaintiff's desire to defeat diversity jurisdiction. This argument reaches too far. At most, it is not clear Plaintiff should have known the identity of Bejar or that Bejar was an appropriate defendant in this matter. The Denton Police Department entered two *separate* crash reports for Bejar's crash and the crash involving Plaintiff and Matthew Eaves, and Bejar's liability for the crash only became apparent during the later stages of discovery. *See Villerreal v. W.W. Grainger, Inc.*, No. 1-11-CV-404, 2012 WL 13005596, at *3 (E.D. Tex. Mar. 12, 2012) ("[The defendant] seems to have only recently concluded that [the proposed defendant] may be liable for [the plaintiff's] injury as it did not seek to designate [the proposed defendant] as a responsible third party until after conducting some discovery."); *cf. Cantrell* , 2020 WL 13532895, at *3  (finding first *Hensgens* factor weighs against the plaintiff because "[the proposed defendants] were identified as individuals involved in the accident almost two years previously . . . it was apparent from the Crash Report that [the proposed defendant's] vehicle struck [the plaintiff] . . .").

Thus, the Court is not persuaded the purpose of the amendment is to defeat jurisdiction and, thus, finds the first *Hensgens* factor weighs in favor of allowing Plaintiff to join Bejar.

**B.  Whether Plaintiff was Dilatory in Seeking Amendment**

"In analyzing the second *Hensgens* factor, courts consider the amount of time that has passed between the plaintiff's motion to amend and the filing of the original petition and notice of removal." *Anzures v. Prologis Tex. I LLC*, 886 F. Supp. 2d 555, 565 (W.D. Tex. 2012) (citing *Mia Reed & Co. v. United Fire & Cas. Co.*, No. CIV.A. H-10-4440, 2012 WL 2499932, at *9 (S.D. Tex. June 27, 2012)). Courts also consider "the procedural posture of the case, particularly whether 'trial or pre-trial dates were scheduled,' or any 'significant activity beyond the pleading stage has

10

occurred.'" *Id.* (citing *Arthur v. Stern*, No. CIV.A. H-07-3742, 2008 WL 2620116, at *5 (S.D. Tex. June 26, 2008)).

Plaintiff asserts the "confusion over the motion initially filed by [Matthew Eaves]," the Court's order to clarify the motion, Matthew Eaves's clarification of the motion, the time when the parties learned Bejar's identity, the "current state of the progress of the case," and "the time in which [Matthew] Eaves notified [Plaintiff] that he believe Bejar is partially responsible" all show Plaintiff has not been dilatory in seeking to join Bejar. Dkt. 49 at 7. Matthew Eaves responds Plaintiff was dilatory in seeking leave to amend because Plaintiff filed the Motion for Leave to Amend (Dkt. 49) more than three months after Plaintiff's counsel and Matthew Eaves's counsel held a conference regarding Plaintiff filing a motion for leave to amend. *See* Dkt. 53 at 5; *see also* Dkt. 53-2. Matthew Eaves further argues Plaintiff was not confused as to Matthew Eaves's request to designate a responsible third party, as evidenced by email correspondence. *See* Dkt. 53 at 5. In her reply, Plaintiff asserts there was discussion between the parties regarding leave to amend; however, Plaintiff did not immediately seek leave to amend her pleadings, as the Court had not ruled on the Motion to Designate Responsible Third Party (Dkt. 36) and Memorandum (Dkt. 37). *See* Dkt. 54 at 3.

If the Court were to focus its analysis as to the timing of the Motion for Leave to Amend (Dkt. 49) in relation to the original petition and removal, the only conclusion would be Plaintiff was dilatory, as more than one year has passed since this case was removed. *See Irigoyen v. State Farm Lloyds*, No. CA-C-03-324-H, 2004 WL 398553, at *4 (S.D. Tex. Jan. 5, 2004) ("A delay of two months after the filing of the original complaint or almost thirty days after the notice of removal has been found dilatory." (citing *Phillips v. Delta Air Lines, Inc.*, 192 F. Supp. 2d 727, 729 (E.D. Tex. 2001))). One court in this District has found the time since the filing of the original

petition and removal to be the relevant time period, even where liability was raised for the first time by a defendant in a motion to designate responsible third party. *See Villerreal*, 2012 WL 13005596, at *3 ("Plaintiff filed his amended complaint joining [the proposed defendant] six months after the original petition in state court and four and a half months after [the defendant's] notice of removal. Accordingly, this factor weighs against allowing the amendment."). However, another court in this District has found that "courts may consider 'other time periods if, for example, the appropriateness of adding the nondiverse plaintiff only became apparent after some other event.'" *Am. Legend Homes v. Navigators Specialty Ins. Co.*, No. 4:19-CV-35, 2019 WL 5721634, at *4 (E.D. Tex. Nov. 5, 2019) (quoting *Ogunro v. Allstate Vehicle & Prop. Ins. Co.*, No. 3:18-CV-1784-B, 2019 WL 111213, at *3 (N.D. Tex. Jan. 4, 2019)). Matthew Eaves asserts Plaintiff was dilatory even if the Court were to consider the appropriate time period as beginning in September 2022, when Matthew Eaves asserts Bejar's possible liability was raised with Plaintiff. *See* Dkt. 53 at 5. Plaintiff's arguments largely relate to the timing of Matthew Eaves's Motion for Leave to Designate Responsible Third Party (Dkt. 36) and Memorandum (Dkt. 37), as well as possible confusion as to Matthew Eaves's requested relief. *See* Dkt. 49 at 6; Dkt 54 at 3.

Setting aside the debate over whether there was confusion as to what relief Matthew Eaves was requesting, Plaintiff largely does not address the procedural posture of this case, i.e., the setting and passing of pre-trial dates and two extensions of discovery deadlines (Dkts. 16, 51), in relation to the timing of the Motion for Leave to Amend (Dkt. 49). Plaintiff avers that while "written discovery has been exchanged", this does not weigh against Plaintiff because the "parties have not yet conducted depositions." Dkt. 49 at 6. But this does not address the number of pre-trial dates that have come and passed and the decision on several pre-trial motions, including a motion for summary judgment (Dkts. 18, 29). *See Am. Legend Homes*, 2019 WL 5721634, at *4; *cf. Criswell*,

2009 WL 5061826, at *4 ("When [the plaintiffs] initially sought to amend, a scheduling order has not been entered in this case. Currently, this action has scarcely proceeded past the pleading stage, and discovery between the parties has not yet commenced.").

Thus, the Court finds the second *Hensgens* factor weighs against allowing Plaintiff to join Bejar.

### C.   Whether Plaintiff will be Significantly Injured if Amendment is Denied

"In determining prejudice to a plaintiff under the third *Hensgens* factor, courts consider 'whether a plaintiff can be afforded complete relief in the absence of the amendment.'" *Anzures*, 886 F. Supp. 2d at 565 (quoting *Lowe v. Singh*, No. H-10-1811, 2010 WL 3359525, at *3 (S.D. Tex. Aug. 23, 2010)). Other courts also consider whether denying leave to amend "raises the possibility of inconsistent results in parallel state and federal proceedings," *Mia Reed*, 2012 WL 2499932, at *9, or places a financial burden on the plaintiff, *see Schindler*, 2005 WL 1155862, at *4.

Plaintiff argues she will be prejudiced if she is forced to "litigate the same case with the same facts" and also forced to litigate two actions with "an empty chair defense with no party to be held responsible." Dkt. 49 at 7. Plaintiff contends she "must be able to present her case to one jury against all people who may be responsible for her damages and the crash forming the basis of this lawsuit." *Id.* at 8. Plaintiff further argues she will be prejudiced because Matthew Eaves has "already made inconsistent arguments regarding liability," including arguments that Matthew Eaves is not contesting liability and Bejar is responsible for the crash. *Id.* Matthew Eaves responds Plaintiff will not be prejudiced, as the statute of limitations "does not run until April 2023" and Plaintiff still has the opportunity to sue Bejar in state court. *See* Dkt. 53 at 6. In her reply, Plaintiff

argues Matthew Eaves "wait[ed] until September of 2022 and then claims [Plaintiff] is precluded from joining the person that [Matthew] Eaves believes is responsible for the crash." Dkt. 54 at 5.

In the present case, denying Plaintiff leave to add Bejar would raise the specter that inconsistent relief would be present in parallel proceedings in state and federal court as to the same facts and claims with a disadvantage of an "empty-chair" defense in both. *See Am. Legend Homes*, 2019 WL 5721634, at *5 ("Although it is not clear whether this would result in inconsistent relief, that risk would certainly be present. Accordingly, the Court finds this factor weighs slightly in favor of granting [the plaintiff's] amendment."); *see also Criswell*, 2009 WL 5061826, at *5 (collecting cases) ("Several district courts have concluded that the potential for parallel proceedings weighs in favor of granting leave to amend."); *Fish Pond Owners Ass'n, Inc. v. LCS-Delaney Venture, LLC*, No. 6:17-CV-00270, 2018 WL 1833251, at *4 (W.D. Tex. Jan. 23, 2018), *R. & R. adopted*, , 2018 WL 2305518 (W.D. Tex. Apr. 16, 2018) ("If [the plaintiff] is forced to prosecute this suit against [the defendant] in federal court and the [proposed defendants] in state court, it may be significantly injured."); *Garcia*, 2018 WL 2948027, at *3 ("Both [the plaintiff] and [the defendant] agree that potential [d]efendants may be partially or wholly responsible for the slip-and-fall incident because of a duty to maintain and inspect the premises. [The plaintiff] and [the defendant] differ only on whether the potential [d]efendants should be responsible third parties or full defendants . . . Thus, the Court holds [the plaintiff] may be injured if amendment is not allowed.").

Thus, the Court finds the third *Hensgens* factor weighs in favor of allowing Plaintiff to join Bejar.

**D.  Other Factors Bearing on the Equities**

The fourth and final *Hensgens* factor requires the Court to analyze other equitable factors. "Although equitable factors include whether granting leave to amend would deprive a defendant of a properly invoked federal forum and whether denying leave to amend would result in parallel state court proceedings, these factors are likely to be present whenever a plaintiff seeks to add a nondiverse defendant." *Am. Legend Homes*, 2019 WL 5721634, at *5; *see also Cantrell*, 2020 WL 13532895, at *5 (same). As these above discussed equitable factors are frequently intertwined with the other three *Hensgens* factors, courts find the fourth *Hensgens* factor to be neutral unless the parties raise additional equitable factors.

Plaintiff argues the equitable factors weigh in favor of amendment because not allowing amendment would leave the jury "free to reduce some or all of [Matthew] Eaves['s] ultimate responsibility while giving [Plaintiff] no chance to recover the remaining portion of responsibility from Bejar." Dkt. 49 at 8. Matthew Eaves argues he himself will be prejudiced if the Motion for Leave to Amend (Dkt. 49) is granted because this "case has been on file for a year and a half and has been on-going since initial pre-suit correspondence began in May of 2021" and he should not have to "endu[r]e another two years of litigation and expense." Dkt. 53 at 6. Both these arguments largely go to whether Plaintiff was dilatory or whether Plaintiff will be prejudiced under the second and third *Hensgens* factors, respectively. Therefore, the Court finds the fourth *Hensgens* factor to be neutral.

The first and third *Hensgens* factor weighs in favor of allowing Plaintiff to join Bejar, the second *Hensgens* factor weighs against allowing Plaintiff to join Bejar, and the fourth *Hensgens* factor is neutral. Accordingly, the Court concludes the balance of the *Hensgens* factors, including

finding the purpose of joining Bejar is not to defeat federal jurisdiction, weighs in favor of allowing Plaintiff to join Bejar as a Defendant.

## IV.    CONCLUSION

For the foregoing reasons, the Court finds the Motion for Leave to Amend (Dkt. 49) is **GRANTED**. The case is hereby **REMANDED** back to the 362nd Judicial District Court of Denton County, Texas because this Court lacks subject matter jurisdiction under 28 U.S.C. § 1441.

**So ORDERED and SIGNED this 7th day of March, 2023.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE